In the

# United States Court of Appeals

## For the Seventh Circuit

No. 14-2574

TIMOTHY W. AUSTIN,

*Petitioner-Appellant,*

*v.*

ANDREW PAZERA,

*Respondent-Appellee.*

Appeal from the United States District Court for the
Northern District of Indiana, Hammond Division.
No. 2:13-cv-00221-JTM — **James T. Moody**, *Judge.*

SUBMITTED JANUARY 20, 2015 — DECIDED FEBRUARY 19, 2015

Before POSNER, KANNE, and SYKES, *Circuit Judges.*

POSNER, *Circuit Judge.* Plaintiff Austin, an inmate of an Indiana prison, was punished in a prison disciplinary proceeding for having attempted to traffic in tobacco, meaning attempting to carry tobacco or tobacco products into or outside the prison. His punishment consisted of losing 60 days of good-time credit (which increased his period of imprisonment by 60 days), being demoted from "credit class 1" to "credit class 2" (inmates in the first class earn one day of

good time credit for each day of imprisonment, inmates in the second class earn one day of credit for every two days of imprisonment), being given 20 hours of extra work duty, and being denied access to the prison commissary for 25 days.

He petitioned for federal habeas corpus, see 28 U.S.C. § 2254, on the ground that the disciplinary proceeding had denied him due process of law, primarily by convicting him on the basis of insufficient evidence. The respondent is the prison's superintendent. The district court denied the petition, ruling that the evidence, though scanty, had been adequate to prove Austin's "constructive possession" of tobacco.

The entire evidence against him consisted of the following "conduct statement" submitted by a guard at the prison:

> On Feb 28, 13 at approx. 10.00 AM while I Ofc Spoon was shaking down the crawl spase [sic] at the Gary Parole Office, Gary, Ind. I Ofc Spoon found 5 packs of Bugler cigarette papers, 1 ziploc bag that appears to have tobacco in it, 2 ziplock [sic] bags filled with more ziplock [sic] bags in it. Offender Austin, Timothy #20967 was assigned to this area (crawlspace) as his work assignment.

Austin, though an inmate, had been assigned to work in the crawl space of a parole office near the prison, doing construction and renovation work, mainly removing tile, vinyl flooring, and carpet, and stripping wallpaper, baseboards, and trim. According to his uncontradicted testimony he worked only one day in the crawl space, and that was three or four days after he began working in the parole office, where he worked for at least four weeks. He also claimed in his prison disciplinary proceedings, again without contradic-

tion in the record, that four other inmates had had access to the crawl space during the day he had worked there and all five had been in the crawl space that day cutting and removing pipes together.

If it's assumed that any of the five could have placed the tobacco in the crawl space, then, as we know nothing about the other four, we could conclude only that Austin had a 20 percent probability of being the culprit. The district court deemed this sufficient evidence of his guilt to place the disciplinary sanctions imposed on him beyond judicial authority to reverse. Yet it seems odd, to say the least, that someone should be punished when there is an 80 percent probability that he is innocent.

It's true that in *Hamilton v. O'Leary*, 976 F.3d 341, 345 (7th Cir. 1991), we said that a 25 percent probability of guilt is enough to require courts to uphold a finding of guilt made in a prison disciplinary proceeding. But that was a much different case. Hamilton was one of four cellmates. Six weapons (mainly shanks) were found in their cell. All four cellmates were punished equally. Squeezed as they were into a single cell, it was beyond unlikely that any of them did not know about the weapons or have access to them to use if the occasion required. Since it was impossible to distinguish among innocent and guilty, and likely that all were guilty, the punishment of all was unavoidable—for the alternative would have been to acquit all.

This case is different. As far as we can tell, the prison's hearing officer was told nothing by prison personnel about the crawl space—how large it was, whether any effort to have concealed the tobacco and related items found there had been made, where such items might have come from,

and, most important, why no effort had been made by the prison authorities (so far as appears) to question the other four prisoners who worked in the crawl space. Austin appears to have been picked at random for punishment.

As for the district court's alternative ground—constructive possession of the tobacco products—no evidence at all was presented. Constructive possession is control of an item (implying ready access and intended use actual or contingent) without physical possession. If Austin didn't know there was contraband in the crawl space, he was not in constructive possession of the contraband. But even if he knew, if he had no interest in trafficking in tobacco and so would never become an actual possessor, he would not be guilty of constructive possession; for obviously a bystander who merely notices something is not in constructive possession of it. See *United States v. Griffin*, 684 F.3d 691, 695 (7th Cir. 2012); *United States v. Katz*, 582 F.3d 749, 752–54 (7th Cir. 2009); *United States v. Bailey*, 553 F.3d 940, 947–49 (6th Cir. 2009); *United States v. Cruz*, 285 F.3d 692, 697–700 (8th Cir. 2002); *United States v. Brown*, 3 F.3d 673, 684 (3d Cir. 1993). Proximity is not possession. And to top it all, we don't even know whether there were any tobacco products in the crawl space on the day Austin worked there.

Convicted without evidence of guilt, Austin was denied due process of law. The judgment is therefore reversed and the case remanded with directions to order the relief sought by him. For when the imposition of prison discipline is not supported by even "some evidence," which we think the proper characterization of the scanty record in this case, the prisoner is entitled to a writ of habeas corpus commanding

that the discipline be rescinded. *Grandberry v. Smith*, 754 F.3d 425, 426 (7th Cir. 2014).

REVERSED WITH INSTRUCTIONS.