**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 18, 2016[*]
Decided March 22, 2016

**Before**

WILLIAM J. BAUER, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 15-3232

| | |
|---|---|
| SANTONIO HOUSE,<br>    *Petitioner-Appellant*, | Appeal from the United States District<br>Court for the Southern District of Indiana,<br>Terre Haute Division. |
| *v.* | |
| | No. 2:15-cv-00143-WTL-DKL |
| CHARLES A. DANIELS,<br>    *Respondent-Appellee*. | William T. Lawrence,<br>*Judge*. |

**O R D E R**

During a search of a cell that Santonio House had shared for more than a month with six other federal inmates, a guard found more than three gallons of wine hidden in a light fixture and a seven-inch shiv behind the sink. House and, it appears, all of his cellmates were charged with possession of a weapon and possession of intoxicants. At a disciplinary hearing the evidence consisted of the guard's incident report; a

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

memorandum written by another staff member attributing direct responsibility for the contraband to two of House's cellmates; photographs of the wine, the shiv, and the light fixture; chemical tests of the wine; House's statement denying knowledge of the contraband; the statements of his cellmates, all denying ownership of the contraband; and the statement of one cellmate that "everybody knew there was wine in the room." House was found guilty and lost 82 days of good time. After exhausting his administrative appeals, House petitioned for a writ of habeas corpus, 28 U.S.C. § 2241, arguing that the evidence is too thin to satisfy due process. The district court denied the petition, and House now appeals. We affirm the judgment.

House contends that the district court wrongly concluded that "some evidence" satisfying due process underlies the loss of good time, since he was not connected directly with either the wine or the weapon. But "some evidence" is a lenient standard that is met if *any* evidence supports a disciplinary board's conclusion. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455–56 (1985); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000). Even "meager" proof is enough. *Hill,* 472 U.S. at 457.

One of House's cellmates had reported that all of them knew about the wine. And as the hearing officer reasoned, the possibility that anyone sharing the room had overlooked several *gallons* of alcohol being accessed from a common light fixture is remote. All the occupants had a duty under prison rules to keep their cell free of contraband, *see* Bureau of Prisons, *Program Statement 5270.09* Appendix C (2012), so the inference of knowledge also makes House complicit in the possession of the alcohol. His connection to the shiv is a closer question, but given the significant amount of alcohol that went unreported, knowledge of the weapon also may reasonably be inferred. *See Hamilton v. O'Leary*, 976 F.2d 341, 345–46 (7th Cir. 1992) (concluding that discovery of weapons in 4-man cell was "some evidence" justifying punishing petitioner, one of the occupants); *Flowers v. Anderson*, 661 F.3d 977, 978, 981 (8th Cir. 2011) (concluding that discovery of weapons in common area of 8-man dorm constituted "some evidence" for punishment of two occupants).

House contends, however, that "hundreds of other inmates" also had access to his cell at times, and that the odds that the contraband was his is therefore too slim to conclude that its discovery constitutes "some evidence." *See Austin v. Pazera*, 779 F.3d 437, 439 (7th Cir. 2015) (concluding that "some evidence" standard was not met where contraband was found in workspace that at least five inmates could access); *Hamilton*, 976 F.2d at 345 (noting that inference of possession may be too weak to satisfy "some evidence" standard if access to location is shared by large number of inmates). But like

the inmate in *Hamilton*, House failed to make this argument to the hearing officer, who instead learned from the incident report that only House and six other inmates, not hundreds, shared access to the cell. *See Hamilton*, 976 F.2d at 346. In any event, the hearing officer's conclusion does not rest on shared access alone but also is supported by the cellmate's statement and the implausibility that a large amount of alcohol can be hidden successfully in a ceiling light without the cooperation of every occupant. This is not a case of arbitrarily punishing one among many who had access to a public space; rather, "squeezed" together as House and his cellmates were, it is "beyond unlikely" that any of them did not know about the wine and shiv. *See Austin*, 779 F.3d at 439.

AFFIRMED.